# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT F. ROBBS, <br> Plaintiff, | : <br> : <br> : | No. 3:18-cv-2150 (KAD) |
| v. | : <br> : | |
| KEVIN McCRYSTAL, et al., <br> Defendants. | : <br> : <br> : | |

## INITIAL REVIEW ORDER

**Preliminary Statement**

Plaintiff, Robert F. Robbs ("Robbs"), currently confined at Cheshire Correctional Institution in Cheshire, Connecticut, filed this action *pro se* under 42 U.S.C. § 1983. In his Amended Complaint, Robbs asserts claims for deliberate indifference to medical needs against APRN Kevin McCrystal, Nurse Gina Burns, and Dr. Cary Freston.

Robbs commenced this action by Complaint filed on December 28, 2018. The case was dismissed on February 11, 2009, when Robbs failed to correct deficiencies in his motion to proceed *in forma pauperis*. Doc. No. 14. On September 20, 2019, Robbs filed an Amended Complaint and motion to proceed *in forma pauperis*. Although he did not file a motion to reopen, the Court construed the Amended Complaint as including a motion to reopen the case. Robbs' motion to proceed *in forma pauperis* was granted on October 2, 2019.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

In 2016, Robbs was incarcerated at MacDougall-Walker Correctional Institution commencing his sentence. He submitted written and oral requests for a shower pass but the requests were denied or ignored. He was told to use a chair in the shower. Robbs had to maneuver himself, his cane, and the chair over an 8" lip to enter the shower. On one day, when exiting the shower, the cane slipped on the floor and Robbs fell, landing on his elbow and striking his head. Doc. No. 15 at 4.

Robbs was taken to the medical unit for x-rays and evaluation. He was cleared to return to population but was housed in the handicapped unit. Shortly thereafter, he noticed that his elbow was becoming enlarged. *Id.* Robbs notified the medical unit. Medical staff drained fluid from his elbow and sent the fluid to UConn for testing. Robbs continued to complain that his

2

elbow was painful and warm to the touch and that two digits of his right hand were "sticking shut." *Id.* at 5. Medical staff prescribed ibuprofen and Elavil which did not relieve the symptoms. *Id.*

While dealing with the medical staff regarding his elbow, Robbs noticed that small pieces were breaking off the tip of his cane. Requests to the medical unit were unanswered. One day, while returning to his cell, the tip of the cane broke causing Robbs to fall on his shoulder. Years earlier he had undergone surgery on the same shoulder. *Id.* at 5.

Nurse Burns wheeled Robbs to the medical unit. He was not given an x-ray for two weeks. Two weeks after that, Robbs was called for a second x-ray. He did not see APRN McCrystal, his medical provider, until three weeks after the second x-ray. McCrystal told Robbs that there was nothing wrong with his shoulder. The x-rays showed only an old healed injury. APRN McCrystal prescribed Elavil, Neurontin, and ibuprofen. *Id.* at 5-6.

Nine months later, after many requests, Robbs underwent an MRI. He alleges that "[t]he results were conflicting on what the D.O.C. interpreted them to be." *Id*. at 6. Robbs was told that he would receive therapy. He disagreed with the interpretation of the MRI results and the order for physical therapy but Dr. Freston dismissed his concerns. *Id.* Sometime later, Robbs suffered a mini-stroke and was hospitalized. He attributes the stroke to mental and emotional distress. *Id.*

**Discussion**

Robbs alleges that he was beginning to serve his sentence when all incidents described in the Amended Complaint occurred. Thus, the Court assumes that Robbs was a sentenced prisoner and considers his claim for deliberate indifference to serious medical needs under the Eighth

3

Amendment. *See Darnell v. Piniero*, 849 F.3d 17, 29 (2d Cir. 2017) (rights of pretrial detainees are considered under the Fourteenth Amendment while rights of sentenced prisoners are considered under the Eighth Amendment).

The Eighth Amendment forbids deliberate indifference to prisoners' serious medical needs. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). To state a claim for deliberate indifference to a serious medical need, Robbs must show both that his need was serious, and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)). There are both objective and subjective components to the deliberate indifference standard. Objectively, the alleged deprivation must involve a condition that is "sufficiently serious." *Spavone*, 719 F.3d at 138. The condition must produce death, degeneration or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). The defendants also must have been "subjectively reckless." *Spavone*, 719 F.3d at 138. They must have been actually aware of a substantial risk that Robbs would suffer serious harm as a result of their actions or inactions. The defendants need only be aware of the risk of harm. They need not intend harm. *d.*

Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). Nor does a disagreement over the treatment provided show deliberate indifference. *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (citing *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)).

Robbs alleges that he fell when exiting the shower because he was denied a shower pass and told to use a chair for support. He also alleges that he did not receive an immediate response

4

when he reported that pieces were breaking from the tip of his cane.  Robbs does not allege that any named defendant denied him the shower pass, was involved in treating his elbow following the fall, or failed to immediately respond to his request about the cane.  Personal involvement in the alleged constitutional violation is a prerequisite for an award of damages under section 1983. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).  As Robbs alleges no facts showing that any named defendant was involved in these claims, they are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Robbs does include allegations against the defendants regarding the treatment of his shoulder injury.  Robbs does not allege that he suffered pain and nor does he describe any specific injury to his shoulder. Thus, he does not specifically allege facts demonstrating a serious medical need. But Robbs does allege that APRN McCrystal prescribed Elavil, Neurontin, and ibuprofen.  These medications are generally used to alleviate patient pain.  *See* www.verywellhealth.com/amitriptyline-297048 (Elavil sometimes given as adjuvant pain medication to people with chronic back pain) (last visited Oct. 3. 2019); www.frugs.com/neurontin.html (Neurontin used to treat neuropathic pain in adults) (last visited Oct. 3, 2019).  A prisoner-plaintiff can establish a serious medical need if he suffers "'chronic pain the magnitude of which probably falls somewhere between "annoying" and "extreme."'" *Neary v. Wu*, 753 F. App'x 82, 84 (2d Cir. 2019) (quoting *Brock v. Wright*, 315 F.3d 158, 163 (2d Cir. 2003)).  Thus, for purposes of initial review only, the Court concludes that Robbs experienced pain in this range and, therefore, that he has alleged a serious medical need.

As to the subjective component, that the Defendants acted with deliberate indifference, the only allegation against Nurse Burns is that she wheeled Robbs to the medical unit after he

5

fell on his shoulder and did not immediately offer him an x-ray. First, Robbs alleges no facts suggesting that, as a nurse, defendant Burns even had the authority to order an x-ray. The only possible claim against Nurse Burns is that perhaps she should have checked with a supervisor or doctor to determine whether an immediate x-ray was needed. At best, this would be a claim of negligence which is not cognizable under section 1983. Any claim against Nurse Burns is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The only allegation against APRN McCrystal is that he did not see Robbs until three weeks after the second x-ray, at which time he reported that the x-rays were negative and prescribed medication. "Although a delay in providing necessary medical care may in some cases constitute deliberate indifference, [the Second Circuit] has reserved such a classification for cases in which, for example, officials deliberately delayed care as a form of punishment, … ignored a 'life-threatening and fast-degenerating' condition for three days, … or delayed surgery for over two years…." *Demata v. New York State Corr. Dep't of Health Servs.*, 198 F.3d 233, 1999 WL 753142 (Table) (2d Cir. 1999); *see also Chance*, 143 F.3d 703 (a delay in treatment does not rise to the level of a constitutional violation unless it involves conduct that evinces "a conscious disregard of a substantial risk of serious harm.") (quoting *Hathaway*, 99 F.3d at 553 (internal quotation marks omitted)).

Robbs had two x-rays before seeing APRN McCrystal. He alleges no facts suggesting that the three-week delay in receiving the x-ray reports or seeing APRN McCrystal, caused him any harm, subjected him to a serious risk of harm or was intended as punishment. Thus, he fails to allege facts to support a plausible claim against APRN McCrystal. The claim against APRN McCrystal is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Robbs alleges that he underwent an MRI after nine months of submitting requests and pleading for the test. He does not allege that any of the named defendants denied his requests or had any involvement in the determination of whether he should receive an MRI. But even if he had identified one of the defendants as having denied his requests, medical decisions, such as whether to order x-rays or other diagnostic tests do not generally implicate the Eighth Amendment's prohibition against cruel and unusual punishment. Even an incorrect decision in this regard implicates, at most, medical malpractice. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The only allegation against Dr. Freston is that Robbs disagreed with Dr. Freston's interpretation of the MRI results and recommendation for physical therapy. "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703. Robbs alleges no facts suggesting that the recommended treatment was inadequate. Thus, the claim against Dr. Freston also is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Finally, Robbs alleges that. "subsequently," he suffered a mini-stroke and was hospitalized. He attributes the mini-stroke to the mental and emotional distress he suffered, presumably because of the actions or inactions of the defendants. He does not allege that he informed any defendant that he was suffering from mental or emotional distress or that he sought mental health treatment. Nor are there factual allegations to support this wholly conclusory assessment.

**Request for Damages**

Robbs seeks damages from the defendants in individual and official capacities. The Eleventh Amendment bars claims for damages against state officials in their official capacities unless the state has waived this immunity or Congress has abrogated it. *Kentucky v. Graham*, 473 U.S. 159, 169 (1995). Section 1983 does not abrogate state sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 343 (1979), and Robbs has alleged no facts suggesting that Connecticut has waived this immunity. Accordingly, all claims for damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

**Orders**

For all the foregoing reasons, the Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b).

Robbs may file a Second Amended Complaint against these defendants in their individual capacities only if he can allege facts to correct the deficiencies identified in this order. Any Second Amended Complaint must be filed on or before **October 31, 2019** using the Prisoner Efiling Program. Failure to timely file a Second Amended Complaint will result in the dismissal of this case with prejudice and without further notice from the court.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of October 2019.

/s/
Kari A. Dooley
United States District Judge